GABRIEL SOLER ET UX., Appellants, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 924.   Submitted June 7, 1934.—Decided June 15, 1934.

*Cayetano Coll y Cuchí* for appellants.   The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On April 4, 1934, Gabriel Soler and his wife, Matilde Marín, appeared before Notary Cayetano Coll y Cuchí and executed a deed entitled "Recognition of Ownership and for Other Purposes," which they presented for record in the Registry of Property of San Juan (First Section), together with another deed entitled "Ratification," executed before the same notary by José Rubert and Gabriel Soler as attorneys in fact of the widow and sons of Luis Rubert and Diego O. Marrero as attorney in fact, informally appointed, of the widow of José Enatarriaga.

The registrar denied the record sought and from his denial the appellants have taken this administrative appeal.

From the deed of recognition of ownership it appears that the Treasurer of Puerto Rico sold a certain property for delinquent taxes and that the same was awarded to Gabriel Soler.  The proper certificate was issued in the name of Soler and was presented and recorded in the registry of property.

At this stage Soler and his wife appeared before a notary and executed the first of the documents mentioned and from which we copy as follows:

"*Third*.—The appearing parties state that at the time of publication of the notices of sale at public auction of the property referred to in this document for taxes owing by Mrs. Irene Agrait Font, as is hereinbefore stated, ownership of the said property had already passed to the heirs of Luis Rubert and José Enatarriaga; and the appearing party Gabriel Soler, intending to act and acting upon behalf of both estates, appeared at the auction for the purpose of paying in their name and behalf the taxes owed, but that through error and inadvertence, which was unintentional, upon making payment of the said back taxes, the Department of Finance believed him to be and took him as the bidder for the properties for the amount of the taxes, with the result that a certificate of purchase of real property was issued, which reads literally as follows:

"*    *    *    *    *    *    *    *

"This certificate was duly recorded in the registry of property as to one-third of the property belonging to the estate of Luis Rubert, at page thirty-four of volume one hundred seven of this Capital, property number two hundred thirty-nine, sextuplicate, twenty-eighth inscription; and as to the two-thirds of the property belonging to Mrs. Pilar Lizargarate, widow of Enatarriaga, at page thirty-five, over, of volume one hundred seven of the Capital, property number two hundred thirty-nine, twenty-ninth inscription.

"*Fourth*.—The appearing parties in this deed wish to rectify the error, stating that the money paid for taxes did not come from their own funds, but that the sums paid belonged to the true owners of the property, that is, the estate of Luis Rubert, comprised of the members above mentioned, and Mrs. Pilar Lizargarate widow of Enatarriaga; and that the property acquired by the appearing parties in the public auction was so acquired through an error of law and fact, and that it was never their intention to achieve such a result.

"And for the purpose of correcting such error, they execute this deed in order that the registrar of property may correct the inscriptions referred to and again record this property in the proportion of one third and two thirds in common, in favor of its true owners. the estate of Luis Rubert y Catalá comprised of his widow, Antonia Armstrong, and of his children, Carmen, María Magdalena, Fran-

cisca, Antonia, Luisa, José Ángel and Guillermo Juan Rubert y Armstrong; and Mrs. Pilar Lizargarate widow of Enatarriaga, who the appearing parties recognize were, have been, and are the sole and true owners of the property, the certificate of tax sale issued in favor of the appearing party Gabriel Soler by the Department of Finance of the Government of Puerto Rico not representing a true and effective alienation. and it not having been the intention of the parties hereto to acquire in any form this real property."

From the document submitted with the deed of recognition appears the consent of the heirs of Rubert and Enatarriaga to the contents of the deed of recognition.

The denial of the registrar is based upon the following:

"By the simple statements made in this deed, an attempt is made to rectify an error committed in an administrative proceeding for the collection of delinquent taxes by the Collector of Internal Revenue of San Juan, in representation of the Treasurer of Puerto Rico, which rectification, in accordance with the Act of March 14, 1907, page 370, is within the exclusive jurisdiction of the Treasurer of Puerto Rico, who has the power of cancelling sales improperly held by the Collector of Internal Revenue, there being provided in the act the proper procedure in such cases."

We do not agree. The act cited by the registrar provides:

"Section 26.—That when any real property has been sold for delinquent taxes and has been bid in in the name of The People of Puerto Rico and it is afterwards discovered that, for any reason, such sale was irregular and that the owner of said property has been improperly deprived of his property the Treasurer of Puerto Rico shall have authority to cancel said sale and where necessary to issue a certificate of redemption which shall act as a re-conveyance of the property to the owner, or to his heirs or assigns, as the case may be, and the property shall remain subject to all liens and legal claims against it to the same extent and in the same manner as though said property had not been sold for taxes and the Registrar of Property shall record the certificate of redemption without the payment of any fee for such service."

A mere reading of this section is sufficient to show that it is not applicable to this case in which the sale was not made in favor of the People but of Soler, who, together with

his wife, has the power to re-establish the exact truth of what happened and to recognize as against himself the right of other persons who show that they are in agreement with what he did, without the necessity of any administrative step by the Treasurer.

As the appellants state in their petition: ·

" ...there is no doubt whatever that if the estate of Luis Rubert and Mrs. Pilar Lizargarate widow of Enatarriaga should have appeared before a court of ordinary jurisdiction asking for the cancellation of the sale held by The People of Puerto Rico in favor of Gabriel Soler and Matilde Marín, basing themselves upon the fact that they ·advanced to them the money, from their own resources, for the payment of such taxes, and that instead of the taxes being paid, the properties were adjudicated to Soler and his wife; and if Gabriel Soler and Matilde Marín should have appeared and consented to judgment, the judgment would inevitably have been that the title be restored to the true owners.

"This being so, the Registrar of Property of San Juan has lost sight of the principle that a judicial declaration of rights sued upon is possible only when those rights are sued upon; but not when they are recognized and admitted; and if Gabriel Soler and his wife, the only persons with power to do so and who can be prejudiced by their own acts, appear before a notary public and admit the truth of a fact, that admission has the same force and probative effect before all the agencies and offices of the Government as if it were a judgment of a court of justice."

The decision appealed from must be reversed, with directions to make the record as prayed for, with the curable defects noted by the registrar as to which there has been no appeal.